UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STEPHEN PINA, Petitioner, | ) | |
| v. | ) | 02-CV-12441-MEL |
| MICHAEL T. MALONEY, Commissioner of Department of Corrections, et al., Respondents. | ) | |

MEMORANDUM AND ORDER

LASKER, D.J.

Stephen Pina petitions for a writ of habeas corpus on the following five grounds: (1) the prosecutor's closing argument improperly vouched for the credibility of witnesses in violation of the Due Process Clause; (2) the trial judge wrongfully permitted the jury to draw inferences from evidence as to why a person did or did not testify, allegedly infringing on Pina's rights under the Confrontation Clause and the Sixth and Fourteenth Amendments; (3) the trial judge's examples of deliberate premeditation resembled the facts adduced at trial and therefore violated Pina's Sixth and Fourteenth Amendment rights; (4) Pina's rights under the Confrontation Clause were violated by the trial judge's improper limitations on cross-examination of two witnesses; and (5) both Pina's trial and appellate counsel

rendered ineffective assistance. Pina also moves for an evidentiary hearing on his ineffective assistance of counsel claim regarding his trial counsel's failure to call an alibi witness and his appellate counsel's failure to raise that issue on direct appeal.

For the reasons set forth below, Pina's petition for writ of habeas corpus is DENIED and his motion for an evidentiary hearing is DENIED.

Pina was convicted of first-degree murder and unlawful possession of a firearm on January 30, 1996. At trial, two witnesses, Timothy Hall and Debra Rocher Annas, testified that they witnessed Pina shoot Keith Robinson on February 26, 1993. Police officer James O'Laughlin testified that Pina admitted to him that he may have been present at the scene of the shooting. Tomorrow Vailes, a potential alibi witness, has stated in a sworn affidavit that she was prepared to testify that Pina had been at her home ill with the flu at the time of the shooting, but Pina's counsel did not call her to the stand at trial.

The Supreme Judicial Court of Massachusetts ("SJC") affirmed Pina's conviction on October 20, 1999. Commonwealth v. Pina, 430 Mass. 266 (1999). Pina then filed a motion for a new trial along with an addendum alleging ineffective assistance of counsel, which was denied on November 27, 2000. On July 11, 2002, a single justice of the SJC denied Pina's petition for

leave to appeal the denial of his motion for a new trial.

Pina filed this petition for writ of habeas corpus on December 13, 2002. In response to challenges that the first ground of Pina's habeas petition was not exhausted in the state courts, this court granted Pina's motion to hold the action in abeyance until the state remedies were exhausted. After Pina's second motion for a new trial was denied along with Pina's petition for leave to appeal from that denial, Pina returned to this court for consideration of his habeas petition.

It is apparent at the outset that the first ground of Pina's habeas petition has been procedurally defaulted and cannot provide a basis for relief. Ground One of the petition alleges that the prosecutor's summation improperly vouched for the credibility of witnesses and played on the sympathies of jurors to such an extent that the trial was infected with unfairness and Pina's Due Process rights were violated. While his habeas petition was being held in abeyance, Pina presented this argument to the trial court but was denied a new trial on the grounds that he had waived the claim by not presenting it on direct appeal. The SJC single justice denied Pina leave to appeal under the Massachusetts gatekeeper provision, G.L. c. 278, § 33E, agreeing that the claim was waived.

As the First Circuit explained in <u>Simpson v. Matesanz</u>, 175 F.3d 200, 207 (1st Cir. 1999), the denial of a gatekeeper

petition due to procedural default constitutes an adequate and independent state ground that precludes federal habeas review. Since the single justice found Pina's claim waived, federal habeas review is unavailable absent a showing of cause and prejudice or a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). Pina has not demonstrated cause for or prejudice from the procedural default. Nor has he established that denying habeas review would result in a fundamental miscarriage of justice; Pina has not presented evidence that but for a constitutional error no reasonable juror would have found him guilty. See Sawyer v. Whitley, 505 U.S. 333, 348 (1992) (defining the miscarriage of justice standard); Ortiz v. DuBois, 19 F.3d 708, 714 (1st Cir. 1994). Ground One of Pina's habeas petition is therefore procedurally barred.

Ground Two is also deficient. Pina alleges that the trial judge's instruction to the jury that it might consider any evidence of the nature of the neighborhood or draw inferences from any evidence relating to why a person did or did not testify in the case violated his privilege against self-incrimination and shifted the burden of proof. Specifically, the judge stated,

> You may consider any evidence in this case as to what the nature of the neighborhood was or was not. That's up to you. If there's any such evidence, you may consider any such evidence and any inferences that can be drawn, that you may draw from any such evidence on the issue of whether or not it affect [sic] or did not affect [sic] whether or not a person testified or didn't testify in this case.

(Tr. 7:254). In his appeal, Pina essentially presented his argument as a state law claim, asserting that the instruction amounted to a "missing witness" instruction under Massachusetts law and should not have been given. His direct appeal on this issue did not include reference to the privilege against self-incrimination. Insofar as Ground Two is a state law claim (the trial judge interpreted it as such), it is not the proper subject for habeas review since errors of state law do not provide a basis for federal habeas relief. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

To the extent that Pina raised a constitutional question in the state courts (and therefore met the exhaustion requirement) his argument still does not justify habeas relief. He argues here, as on direct appeal, that the jury instruction unconstitutionally shifted the burden of proving guilt beyond a reasonable doubt to him. To qualify for relief on such a ground, there must be a reasonable likelihood that the jury applied the challenged jury instruction in an unconstitutional manner. See Estelle, 502 U.S. at 72 n.4. The instruction must be more than erroneous, undesirable or even "universally condemned;" it must have violated a constitutional right. See id. at 72. Pina has not met this burden. Considered in context, the instruction did not suggest that Pina had any responsibility to produce witnesses

or obligation to testify on his own behalf. The trial judge's instructions included explanations of a defendant's right not to testify, the prohibition against drawing unfavorable inferences from a defendant's choice not to testify, and the presumption of innocence. The judge highlighted the proposition that "the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence." (Tr:7-286). Accordingly, the instruction did not violate the Constitution.

Unlike Ground One, which was held waived, and Ground Two, which was presented primarily as a state law claim, the constitutional arguments supporting Grounds Three and Four were fully considered and rejected by the state court. Under the governing federal statute, a federal court may not grant habeas relief on a claim adjudicated on the merits in state court unless the state decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), or the decision was based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A decision is contrary to federal law if it applies a rule that contradicts the governing law or reaches a different conclusion when faced with facts indistinguishable from a prior Supreme Court decision. See Williams v. Taylor, 529 U.S.

362, 405-406 (2000). An "unreasonable application" of the law requires that the determination was not merely incorrect, but unreasonable. See Williams v. Taylor, 529 U.S. at 410-411; McCambridge v. Hall, 303 F.3d 24, 36 (1st Cir. 2002)(en banc). Pina can obtain habeas relief only if the SJC's decision was inconsistent with or an unreasonable application of governing precedents. Pina has not met this significant burden.

As to Ground Three, Pina argues that by providing examples of deliberate premeditation that resembled the evidence adduced at trial, the trial judge violated his Sixth and Fourteenth Amendment rights. Among the trial judge's examples of the type of conduct that might be considered on the issue of deliberate premeditation was a scenario in which a defendant went to a bedroom after a quarrel, picked up a gun, and returned to shoot the victim. At Pina's trial, one of the witnesses had testified that Pina argued with the victim, returned to a car to retrieve a gun, and then shot the victim. The SJC concluded that the instruction was not erroneous because premeditation was not a contested issue. The SJC further noted that the instruction merely allowed the jury to make a permissive inference; it was not a conclusive directive on the issue of premeditation.

The SJC's decision was neither contrary to nor an unreasonable application of federal law. The trial judge included other examples and only indicated that such conduct

"may" be considered on the premeditation issue. Viewed in context, the instruction not unreasonable. Moreover, Pina conceded to the SJC that the instruction simply allowed a permissive inference. While mandatory presumptions may violate the Due Process Clause by relieving the government of the burden of persuasion on an element of a crime, permissive inferences do so because they require the prosecution to prove to the jury that the suggested conclusion should be drawn based on the facts presented. See Francis v. Franklin, 471 U.S. 307, 314 (1985). The SJC's decision therefore follows, rather than counters, Supreme Court precedent.

Ground Four of Pina's petition also fails to satisfy the requirements for habeas relief under AEDPA. Pina maintains that his rights under the Confrontation Clause were violated by the trial judge's limitation of his counsel's cross examination of witnesses Timothy Hall and Linda Taylor. Prior to testifying, Hall had submitted a motion to revise or revoke a prior unrelated conviction and sentence. Pina was prevented from questioning Hall about whether he hoped to receive favorable treatment on his pending motion as a result of offering testimony against Pina. Pina alleged that Taylor had made a prior inconsistent statement regarding the date on which she allegedly heard Pina say he was going to "set an example" to everyone that owed him money. Taylor testified at trial that she overheard Pina make these

remarks on the day of the murder. The trial judge did not permit Pina to introduce prior statements in which Taylor allegedly stated that she heard the remarks either a month before or a month after the murder.

The SJC upheld both rulings. It concluded that inquiring into Hall's potential hopes for favorable treatment on his motion was irrelevant because Massachusetts law prohibits judges from considering post-sentencing conduct when deciding motion to revise or revoke a prior conviction and sentence. Since Hall could not obtain favorable treatment for his decision to testify against Pina, the SJC concluded that the trial judge was justified in limiting cross-examination on the issue. Furthermore, the SJC found that no prejudice resulted from the limitation since Hall had already been impeached regarding his prior convictions and had testified on direct that he did not expect to be rewarded for his testimony. The SJC also found it within the trial judge's discretion to exclude prior statements made by Taylor that Pina wished to use on cross examination. The statements Pina wished to introduce did not specifically indicate what Taylor heard Pina say. As a result, the SJC found that it was unclear whether the statements Pina wished to introduce were referring to the same remarks about "setting an example" that Taylor testified she overheard on the day of the murder. Based on this ambiguity, the SJC upheld the trial judge's decision to

exclude the prior statements.

The SJC's rulings were reasonable and consistent with applicable law. While the Confrontation Clause "guarantees an opportunity for effective cross-examination" it does not require cross-examination that is "effective in whatever way, and to whatever extent, the defense might wish." Delaware v. Fensterer, 474 U.S. 15, 20 (1985)(per curiam). The trial court's decision to limit Pina's cross examination of Hall and Taylor was based on reasonable conclusions as to the relevancy of the issues Pina wished to introduce and reflects a reasonable exercise of discretion.

Nor does Ground Five of Pina's petition provide a basis for habeas relief. Pina alleges that trial counsel was ineffective for not calling a potential alibi witness and appellate counsel was ineffective for failing to raise the issue on direct appeal. The SJC held that Pina waived his claim regarding ineffective assistance of trial counsel and that appellate counsel did not err in deciding not to raise an ineffective assistance claim on appeal. The SJC single justice affirmed this determination, finding that appellate counsel was not ineffective and had made a reasoned and strategic decision not to pursue the claim of ineffective assistance of trial counsel on appeal. The SJC's ruling appears neither contrary to Supreme Court precedent nor unreasonable. The single justice's

finding that appellate counsel made a considered, tactical choice not to raise an ineffective assistance claim on appeal supports the SJC's ruling. The decision is consistent with the Strickland v. Washington standard for determining ineffective assistance of counsel and reflects Strickland's strong presumption that counsel's strategy and tactics fall within the range of reasonable assistance. See Strickland v. Washington, 466 U.S. 668, 687-89 (1984); Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006).

Both the SJC and the single justice ruled that Pina waived his ineffective assistance of trial counsel claim. This finding of procedural default under the gatekeeper provision precludes habeas review, unless Pina can demonstrate cause and prejudice or establish that a fundamental miscarriage of justice will otherwise result. See Simpson v. Matesanz, 175 F.3d 200, 207 (1st Cir. 1999) (holding that the denial of a gatekeeper petition due to procedural default is an adequate and independent state ground that prevents federal habeas review); Coleman v. Thompson, 501 U.S. 722, 750 (1991) (describing the exceptions to the procedural default rule). Pina has not presented evidence sufficient to establish cause for and prejudice from the default nor a fundamental miscarriage of justice. Accordingly, Pina is not entitled to habeas relief on Ground Five of his petition.

For the foregoing reasons, Pina's petition for writ of

habeas corpus is DENIED and his request for an evidentiary hearing on his ineffective assistance of counsel claims is also DENIED.

It is so ordered.

Dated: December 08, 2006
Boston, Massachusetts

/s/ Morris E. Lasker
U.S.D.J.